# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

    **Petitioner,**

**v.**                                                 **Civil Action No. 2:15cv9**
                                                      **(Judge Bailey)**

**KAREN PSZCZOLKOWSKI, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 28, 2015, petitioner, a prisoner incarcerated at the Northern Regional Jail ("NRJ") in Moundsville, West Virginia, filed a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The Clerk of Court issued a Notice of Deficient Pleading, directing him to correct certain deficiencies in his pleadings within twenty-one days. On January 29, 2015, petitioner filed a letter motion for a hearing.

On February 17, 2015, petitioner filed his petition on a court-approved form, along with his application to proceed *in forma pauperis* ("IFP") and a copy of his Prisoner Trust Account Form ("PTAR"). On February 18, 2015, he was granted permission to proceed as a pauper but the Five Dollar filing fee was waived.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 2.

### II. Factual Background

**A. Convictions**

In June, 1991, Sayre pled guilty to the charge of aggravated robbery and was sentenced to 10 years' imprisonment (Case No. 91-F-79-1). Thereafter, on July 16, 1997, following a jury trial in the Circuit Court of Harrison County, West Virginia, Sayre was found guilty of burglary and kidnapping. The State of West Virginia filed a recidivist information against him on August 22, 1997. In December, 1997, after a jury trial, Sayre was found to be the same person who was previously convicted in 1990 of the felony offenses of sexual assault in the first degree, and aggravated robbery in 1991. Thus, he was deemed a recidivist.

The Circuit Court sentenced Sayre to concurrent sentences of 1 – 10 years on the burglary conviction, and life imprisonment on the kidnapping conviction.[1]

**B. Appeal**

On November 4, 1998, Sayre filed a petition for appeal regarding his conviction and sentence. On July 15, 1999, the West Virginia Supreme Court of Appeals ("WVSCA") refused Sayre's petition for appeal.

**C. Petitioner's Previous State and Federal Habeas Petitions[2]**

---

[1] Information on Sayre's criminal history was obtained from a Report and Recommendation entered on September 4, 2003, in Case No. 1:02cv41, Dkt.# 34, and from a Memorandum Opinion and Order entered in Case No. 1:04cv246, Dkt.# 10, two earlier §2254 actions filed by Sayre.

[2] This court is very familiar with petitioner, a prolific abuser of the writ. Additionally, petitioner has accumulated well over three strikes. In this district alone, he has had at least six cases dismissed as frivolous, malicious or for the failure to state a claim: Sayre v. Taylor, case no. 1:99cv158; Sayre v. Crim, case no. 1:99cv155; Sayre v. Godwin, case no. 1:97cv148; Sayre v. Wexford Medical Services, 2:11cv75; Sayre v. Dyer, case no. 5:92cv137 and Sayre v. King, case no. 3:14cv61. The appeal in Sayre v. Godwin, was found to be frivolous by the Fourth Circuit Court of Appeals and dismissed "on the reasoning of the district court; pursuant to Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775 (10th Cir. 1999), an appeal which is dismissed as frivolous is counted as a strike. Additionally, he also has well over three strikes accumulated in the in the Southern District of West Virginia: and has over three strikes against him there: See Sayre v. Mount Olive Correctional Complex, 5:01cv0434 (S.D. W.Va. Oct. 17, 2001) (citing Sayre v. Painter, No. 5:99-0748; Sayre v. State of West Virginia, No. 2:99-0938 (S.D. W.Va. July 17, 2000); Sayre v. Painter, No. 5:00-0088 (S.D. W.Va. Sep. 17, 2001); and Sayre v. Painter, No. 5:00-0099 (S.D. W.Va. Mar. 30, 2000). In Sayre v. Trustee Clerk, Mount Olive Correctional Complex, 2:11cv284 (S.D. W.Va. 2011), in the nineteenth case filed by the plaintiff in that district since August, 1999, before dismissing the case for strikes in excess of three, the Southern District noted that "[t]he plaintiff is a well-known and frequent litigator in this court. In Sayre v. McGraw, No. 2:08-cv-00115 (S.D. W.Va. May 19, 2008), the undersigned enumerated fifteen previous cases filed by this plaintiff, all of which have been dismissed. Case No. 2:08-cv-115 was the sixteenth; Case No. 2:10-cv-157 was the seventeenth. Case No. 2:10-cv-1329 was the eighteenth." (S.D.

2

On August 26, 1999, Sayre filed a petition for habeas corpus in the Circuit Court of Harrison County, West Virginia. By Order entered December 12, 2000, the Circuit Court denied the petition. On March 28, 2001, Sayre filed a petition for appeal with the WVSCA; it was refused on December 14, 2001.

In addition to the petition for habeas corpus in Circuit Court, Sayre filed a petition for writ of habeas corpus under the original jurisdiction of the WVSCA on December 21, 2000. By Order entered February 20, 2001, the WVSCA directed that additional proceedings occur before the Circuit Court of Harrison County. Counsel was appointed, and an amended petition was filed on Sayre's behalf. Subsequently, an evidentiary hearing was held. By Order entered July 23, 2002, the Circuit Court denied the petition and by Order entered August 7, 2002, made special findings regarding Sayre's recidivist claim.

**Case No. 1:02cv41**

Thereafter, on March 7, 2002, Sayre filed his first petition pursuant to 28 U.S.C. §2254, raising multiple challenges to his 1997 burglary and kidnaping conviction. In that case, the court considered Sayre's claims and by Order entered March 31, 2003, dismissed the §2254 habeas corpus petition on its merits. Petitioner timely appealed. On December 3, 2003, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal.

---

W.Va. Dkt.# 11 at 2)(2:11-cv-00284). Sayre is listed in the National *Pro Se* Three Strikes Database as having at least eleven strikes against him.

Further, although not to be considered for purposes of accumulating strikes under the Three Strike Rule, Sayre has also filed numerous state habeas corpus petitions in this district and has been chastised for his abuse of the writ. In 2006, after Sayre's fifth §2254 petition in five years, in 2006, the Court noted that "[p]etitioner continues to file claims in piecemeal fashion with little or no regard for judicial time and resources. Not surprisingly, the Court notes that although specifically requested on the standard habeas form used . . . to initiate this case, petitioner failed to inform the court about his prior habeas petitions . . . petitioner is warned that the Court will not tolerate incomplete or false responses and/or statements in any pleading filed for future consideration[.]" See 5:05cv183, Dkt.# 32 at 9.

### Case No. 1:03cv3

On January 9, 2003, Sayre filed another petition pursuant to 28 U.S.C. §2254, challenging his June, 1991 conviction for aggravated robbery, used to enhance the sentence he received for his 1997 conviction, alleging that the plea agreement was unlawfully obtained through threats and promises and that counsel was ineffective. The court considered the merits of his claims and by order entered on June 28, 2004, the court dismissed the petition. Petitioner timely appealed. By unpublished *per curiam* opinion entered on September 3, 2004, the Fourth Circuit Court of appeals denied a certificate of appealability and dismissed the appeal.

### State Court Habeas Petition

On August 1, 2003, Sayre filed a petition for writ of habeas corpus in state court regarding the prosecution's suppression of an evidence sheet. On August 4, 2003, the circuit court denied the petition without an evidentiary hearing because Sayre had "waived the issue and had adjudicated [it] in a prior case." On August 21, 2003, Sayre filed a petition for appeal with the West Virginia Supreme Court of Appeals. By Order entered May 27, 2004, the Supreme Court treated the petition for appeal as a petition for a writ of habeas corpus and refused it.

### Case No. 1:04cv72 and Case No. 1:04cv246

On August 2, 2004, petitioner filed another petition pursuant to 28 U.S.C. §2254, asserting that his conviction was obtained by the unconstitutional failure of the prosecution to disclose an evidence log regarding the ownership of a knife involved in the crime, evidence favorable to the defense. Subsequently, petitioner filed several supplements to the petition, adding various other issues.

On November 22, 2004, Sayre filed another §2254 petition regarding his burglary and kidnaping conviction, alleging the same arguments previously raised: that the prosecution

presented inadmissible evidence because the name tag on the aforementioned knife was removed and the name on the knife case was "Tony Correro;" that Linda Crim testified falsely about this knife; that an exculpatory evidence sheet was withheld from the defense; and that the evidence sheet "is proof that this victim, Linda Crim, had set [him] up, by giving [him] the knife to pawn for her on March 26, 1997." Subsequently, Sayre filed a supplement to this petition.

By consolidated Order entered on September 27, 2005, the petitions in both cases were dismissed as successive. Sayre appealed; by unpublished *per curiam* opinion entered May 26, 2006, the appeal was dismissed.

**Case No. 5:05cv183**

On November 14, 2005, petitioner filed another §2254 petition, alleging that his conviction was obtained pursuant to an unconstitutionally obtained selected and impaneled jury, and he was denied the effective assistance of counsel. By Order entered August 16, 2006, the petition was dismissed as successive. Sayre appealed. On December 4, 2006, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal.

**Case No. 1:07cv61**

On May 3, 2007, Sayre filed another §2254 petition, alleging that the trial court erred by using an alias for the victim in the indictment, during voire dire, and during an evidentiary hearing; and that the recidivist life sentence was illegal because of the use of the alias to refer to the victim on the triggering offense. Subsequently he filed several supplements to the petition. By Order entered September 12, 2007, the petition was dismissed as successive. Petitioner appealed. By unpublished per curiam opinion entered on November 27, 2007, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

**Case No. 5:08cv88**

5

On April 16, 2008, Sayre filed a §2241 petition that was construed as another §2254 petition, raising several claims regarding the legality of a conviction and sentence imposed in the Circuit Court of Harrison County, West Virginia. By Order entered March 4, 2009, the petition was dismissed as successive.

**Case No. 2:09cv35**

On March 20, 2009, sixteen days after his most recent §2254 petition was dismissed as successive, Sayre filed yet another §2254 petition, asserting that the trial court erred by allowing the state to use a false case number at his recidivist trial in violation of his due process and equal protection rights; and the recidivist life sentence was illegal due to the use of the wrong name for the victim on the triggering offense. By Order entered June 11, 2009, the petition was dismissed as successive.

**Case No. 1:13cv262**

On December 19, 2013, Sayre filed another §2254 petition, alleging that the trial court lacked jurisdiction to give him a recidivist life sentence and he was denied the effective assistance of counsel. After he failed to respond to a Notice of Deficient Pleading, a Show Cause Order was entered on February 4, 2014. In response, on February 12, 2014, Sayre filed a *pro se* motion to withdrawn the petition. By Order entered February 24, 2014, Sayre's motion to voluntarily dismiss the petition was granted.

**D. Petitioner's Instant Federal Habeas Corpus[3]**

---

[3] The undersigned notes for the record that petitioner's court-approved form petition omits mention of every other habeas petition filed in state or federal court. Petitioner executed the court-approved form petition in this case under penalty of perjury. See Dkt.# 6 at 9. The form petition requires petitioner to disclose all previous "petitions, applications, or motions concerning this judgment of conviction in any state court[,]" and asks if he has previously filed any others. (Dkt.# 6 at 3). Petitioner merely left that question blank, as he did the next two pages of the form petition, where he was asked to fill in information on any and all prior challenges to his convictions. See id. §10 – 11, at 3-5. A review of the PACER Service Center's U.S. Party/Case Index indicates that petitioner has filed nine previous §2254 petitions. The undersigned finds that not only has petitioner abused the writ, his failure to disclose his prior habeas petitions, under penalty of perjury, constitutes an abuse of the judicial process.

6

In his petition for §2254 habeas corpus relief, Sayre raises one ground for relief, asserting that the trial court lacked jurisdiction because one of his prior convictions was never "judicated [sic] on appeal." Petitioner asserts that because a 1980 conviction in Case No. 79-F-9 was never appealed, the state's use of that case at the recidivist trial unconstitutionally and illegally enhanced his sentence.

As relief, the petitioner requests to be discharged from his illegal and unconstitutional recidivist life sentence by being released from prison.

## VII. Analysis

Determinations regarding persons detained pursuant to the judgment of a United States court are given finality by Tile 28 U.S.C. §2244(b). The statute reads in pertinent part as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In order for a petition to be dismissed as successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Sayre's first §2254

petition was denied and dismissed on the merits. Further, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). "[T]he authorization requirement applies to the entire application." Id.

Here, there is nothing in the record which indicates Sayre has obtained authorization from the Fourth Circuit Court of Appeals to file his ninth successive §2254 petition in this court. The petition does not turn on any new rule of constitutional law. Petitioner has not alleged any new fact that could establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. Accordingly, this court is without authority to hear petitioner's successive petition. Furthermore, there are no grounds to hold an evidentiary hearing, because the court has no jurisdiction over this matter.

## VII. Recommendation

Based on the foregoing, it is recommended that the petition (Dkt.# 1 and 6) be **DENIED** and **DISMISSED with prejudice**.

Finally, the undersigned recommends that because of the petitioner's continuing abuse of the writ and *in forma pauperis* status, the court **ORDER** as follows:

(1) That petitioner be **ENJOINED** from filing any further habeas corpus actions in this district attacking his conviction or otherwise, unless, before paying the required filing fee in full or seeking and obtaining leave from the District Court to file *in forma pauperis,* he first provides proof that he has obtained permission to do so from the Fourth Circuit Court of Appeals. In order to file any other civil action, in order to receive *in forma pauperis* status in the future, petitioner must demonstrate to the court that he is in imminent danger of serious physical injury.

(2) That in accordance with the pre-filing injunction to be issued against petitioner, the Clerk of the Court be **ORDERED** to refuse any new complaints or petitions for filing in a matter from petitioner before obtaining leave by the undersigned Judge.

(3) That leave of Court be forthcoming upon petitioner's demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

(4) That the pre-filing injunction imposed shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals; and

(5) that petitioner receives notice that any failure to comply with the court's directive will constitute contempt of court and will subject him to court-ordered sanctions.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by April 8, 2015**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record by electronic means.

Dated: March 25, 2015

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE