# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**KENNY DREW SAYRE**,

    Petitioner,

v.                                                                              Civil Action No. 2:15-CV-9
                                                                                           (BAILEY)

**KAREN PSZCZOLKOWSKI**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"), filed on March 25, 2015 [Doc. 12]. In that filing, the magistrate judge recommended that this Court deny and dismiss petitioner's § 2254 petition. As set forth below, this Court agrees with the magistrate judge and adopts his R&R over petitioner's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Now that the petitioner has filed his objections on April 2, 2015, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. *See, e.g.*, **Austin v. Cuyler**, 499 F.Supp. 1116, 1116 (E.D. Pa. 1980). The remainder of the R&R will be reviewed for clear error.

I.    **FACTUAL BACKGROUND and PROCEDURAL HISTORY**[1]

On January 28, 2015, Kenny Drew Sayre, currently incarcerated at the Northern Regional Jail in Moundsville, West Virginia, filed a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Previously, the petitioner was convicted of felony sexual assault in the first degree in 1990 and felony aggravated robbery in 1991.[2] Years later, on July 16, 1997, the petitioner was found guilty of burglary and kidnaping, after a jury trial in the Circuit Court of Harrison County, West Virginia. A month after that, on August 22, 1997, the State of West Virginia filed recidivist information against him, which after a jury trial, he was deemed a recidivist. The Circuit Court sentenced the petitioner to concurrent sentences of 1–10 years for the burglary conviction and life imprisonment for the kidnaping conviction.

---

[1] This Court adopts the factual background as stated in the R&R.

[2] *See* Civ. Action No. 1:02-cv-41 at Doc. 40 at 1–2.

### A. Prior Federal Habeas Proceeding

After exhausting the state's appeals process, on March 7, 2002, the petitioner filed his first petition pursuant to 28 U.S.C. § 2254, in which he challenged his 1997 burglary and kidnaping convictions. In the first petition, the Court dismissed Sayre's habeas corpus petition on the merits. Thereafter, petitioner appealed to the Fourth Circuit Court of Appeals, which denied the certificate of appealability and dismissed the appeal.

On January 9, 2003, petitioner filed a new § 2254 petition challenging his June 1991 conviction for aggravated robbery, used to enhance the sentence he received for his 1997 conviction, by alleging that the plea agreement he entered into was unlawfully obtained through threats and promises, and that his counsel was ineffective. In an order entered on June 29, 2004, the Court considered the merits of his claims and dismissed the petition. Thereafter, petitioner appealed the ruling. On September 2, 2004, the Fourth Circuit, in a *per curiam* opinion, denied a certificate of appealability and dismissed the appeal.

In West Virginia State Court, on August 1, 2003, Sayre filed a petition for writ of habeas corpus alleging that the prosecutor suppressed the evidence sheet. On August 4, 2003, the circuit court denied the petition without an evidentiary hearing because he waived the issue in a prior case. After that, petitioner appealed the decision to the West Virginia Supreme Court of Appeals. On May 27, 2004, the West Virginia Supreme Court reviewed the petition as a writ of habeas corpus, and refused it.

A year after filing his habeas petition in state court, on August 2, 2004, Sayre filed another petition pursuant to 28 U.S.C. § 2254, asserting that his conviction was obtained by the unconstitutional failure of the prosecution to disclose an evidence log regarding the

ownership of a knife involved in the crime. Three months later, on November 22, 2004, the petitioner filed another § 2254 petition and alleged the same arguments previously made. In a consolidated order, on September 27, 2005, the court dismissed both cases as successive. In an opinion entered on May 26, 2006, the Fourth Circuit dismissed the petition.

The next year, on November 14, 2005, Sayre filed another § 2254 petition, in which he alleged that his conviction was the result of an unconstitutionally selected and impaneled jury, and that he was denied effective assistance of counsel. In an August 16, 2006, order, the petition was dismissed as successive. Subsequently, petitioner appealed the trial court's decision. The Fourth Circuit on December 4, 2006, denied a certificate of appealability and dismissed the appeal.

On May 3, 2007, Sayre filed another § 2254 petition wherein he alleged that the trial court erred by using an alias for the victims in the indictment, during *voire dire*, and during an evidentiary hearing. He further argued that his recidivist life sentence was illegal because of the use of the alias to refer to the victim on the triggering offense. In that instance, the Court dismissed the petition as successive. Sayre appealed. And on November 27, 2007, the Fourth Circuit denied the certificate of appealability and dismissed the appeal.

On April 16, 2008, petition filed a § 2241 petition, which was deemed to be a § 2254 petition. Petitioner made several claims regarding the legality of his conviction and sentence imposed in the Circuit Court of Harrison County, West Virginia. In an order entered on March 4, 2009, the petition was dismissed as successive.

Sixteen days later, on March 20, 2009, after his § 2254 was dismissed as successive, petitioner filed another § 2254 petition. In the petition, he asserted that the trial court erred by allowing the state to use a false case number at his recidivist trial in violation of his due process and equal protection rights, and the recidivist life sentence was illegal due to the use of the wrong name for the victim on the triggering offense. In the June 11, 2009, order, the petition was dismissed as successive.

On December 19, 2013, the petitioner filed another § 2254 petition, asserting that the trial court lacked jurisdiction to give him a recidivist life sentence and he was denied effective assistance of counsel. After failing to respond to a Notice of Deficient Pleading, a Show Cause Order was entered on February 4, 2014. In response to the order, on February 12, 2014, petitioner filed a *pro se* motion to withdraw the petition. On February 24, 2014, the motion to voluntarily dismiss the petition was granted.

### B. Instant Successive Petition

In this instant § 2254 petition, Sayre claims that the trial court lacked jurisdiction because one of his prior convictions was never adjudicated on appeal. Petitioner further asserts that the 1980 conviction (Case No. 79-F-9) was never appealed. Sayre requests that he be discharged from his illegal and unconstitutional recidivist life sentence. The magistrate judge ruled that the petitioner has failed to receive authorization from the Fourth Circuit for his ninth § 2254 petition.

As the magistrate judge noted in his R&R, the petitioner omitted mentioning every previous habeas petition filed in state and federal court. In the R&R, the magistrate judge recommends denying and dismissing the petition with prejudice, enjoining the petitioner

from filing any further habeas corpus actions in this district unless he obtains permission from the Fourth Circuit, and that in order to receive in *forma pauperis* status in the future, he must demonstrate to the court that he is in imminent danger of serious physical injury. Moreover, the Clerk of the Court shall refuse any new complaints or petitions for filing in a matter from petitioner before obtaining leave by the magistrate judge.

**II.    ANALYSIS**

Petitioner makes several objections to the magistrate judge's R&R. First, the petitioner states that his trial counsel told him his trial transcript was lost, which he states is the reason no appeal was ever filed in that case (Case No. 79-F-9). [Doc. 15 at 2]. Second, petitioner claims that under W. Va. Code §§ 61-11-18-19, he found "newly discovered" evidence (Case No. 79-F-132-1), and that he objects to the R&R because his recidivist life sentence is unconstitutional. Third, petitioner states that he had to file his own appeal (Case No. 97-F-132-1), which resulted in a denial of a proper and fair appeal. Id.

In order for a petition to qualify as successive, the first habeas petition must have been dismissed upon the merits. *See* **Slack v. McDaniel**, 529 U.S. 473, 485-89 (2000); **Harvey v. Horan**, 278 F.3d 370, 379 (4th Cir.2002), *abrogated on other grounds by* **Skinner v. Switzer**, 131 S.Ct. 1289, 1289 (2011). Title 28 U.S.C. § 2244(b) provides in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

This Court finds that petitioner's instant Section 2254 petition constitutes a second or successive application and should be dismissed. As noted above, on March 21, 2003,[3] the court dismissed Sayre's § 2254 petition on its merits. And the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. No evidence in the record suggest that petitioner has requested authorization from the Fourth Circuit to file this instant petition.

As for the petitioner's objections to the R&R, petitioner first presents an ineffective assistance of counsel claim (Case No. 79-F-9). The district court considered the merits of his ineffective assistance of counsel claim on June 28, 2004, and dismissed the petition. Subsequently, the Fourth Circuit denied the appealability and dismissed the appeal. Accordingly, under § 2254(b)(1), this previously presented claim should be dismissed.

---

[3] Civ. Action No. 1:02-cv-41 at Doc. 40.

Second, petitioner claims that he found newly discovered evidence under W. Va. Code §§ 61–11-18-19; however, this claim falls short of the § 2244(b)(2)(B)(i) standard because the petitioner has not presented any new *factual basis* that could not have previously been discovered through due diligence. Third, the petitioner states that he had to file his own appeal in November 1998, and thus, was denied a fair appeal. Sayre has failed to make any argument that the facts underlying his claim, if viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Accordingly, the petitioner has failed to satisfy the exceptions under § 2244(b)(1)–(2), and thus, his claims are successive under the statute. Consequently, under 28 U.S.C. § 2244(b)(3)(A), this Court does not have jurisdiction to consider the instant petition without the petitioner first seeking approval of the Fourth Circuit.

### III.  CONCLUSION

Upon careful review, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections **[Doc. 15]** are **OVERRULED**.

Accordingly this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the petitioner's § 2254 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As the magistrate judge noted, the instant petition is Sayre's ninth successive §

2254 petition[4]; as such, this Court hereby **ORDERS**:

1. that petitioner be **ENJOINED** from filing any further habeas corpus actions in this district attacking his conviction or otherwise, unless, before paying the required filing fee in full or seeking and obtaining leave from the District Court to file in *forma pauperis*, he first provides proof that he has obtained permission to do so from the Fourth Circuit Court of Appeals. In order to file any other civil action, in order to receive in *forma pauperis* status in the future, petitioner must demonstrate to the court that he is in imminent danger of serious physical injury;

2. that in accordance with the pre-filing injunction to be issued against petitioner, the Clerk of the Court be **ORDERED** to refuse any new complaints or petitions for filing in a matter from petitioner before obtaining leave by the magistrate judge;

3. that leave of Court be forthcoming upon petitioner's demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11;

4. that the pre-filing injunction imposed shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals,

---

[4] The petitioner has filed § 2254 petitions in the following cases: 1:02-cv-41; 1:03-cv-3; 1:04-cv-246; 5:05-cv-183; 1:07-cv-61; 5:08-cv-88; 2:09-cv-35; 1:13-cv-262.

and papers filed solely in furtherance of such appeals;

5. that petitioner receives notice that any failure to comply with the court's directive will constitute contempt of court and will subject him to court-ordered sanctions; and

6. that a certificate of appealability be **DENIED**, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner's Motion for Appointment of Counsel **[Doc. 16]** and Motion for Hearing **[Doc. 4]**.

It is so **ORDERED**.

**DATED**: May 13, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE